**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| MICHAEL BURNETT,                       )<br>          Movant,          )<br>                                         )<br>     vs.                                )     No. IP 04-112-CR-01 B/K<br>                                         )     1:08-cv-127-SEB-TAB<br>                                         )<br>UNITED STATES OF AMERICA    ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Michael Burnett ("Burnett") seeks such relief with respect to his conviction in No. IP 04-112-CR-01. Having considered the pleadings, the expanded record, and the parties' arguments, the court finds that Burnett has failed to show that he is entitled to the relief he seeks and that his motion for that relief must therefore be **denied.** This conclusion is based on the following facts and circumstances:

      1.    On January 24, 2006, Burnett was convicted of possessing a firearm after a felony conviction in violation of 18 U.S.C. § § 922(g)(1) and 924(e).

      2.    Burnett's conviction was affirmed on appeal in *United States v. Burnett,* 215 Fed. Appx. 543 (7th Cir. 2007).

      3.    A court may grant relief from a federal conviction or sentence pursuant to 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The scope of relief available under § 2255 is narrow.

> Section 2255 is not a way to advance arguments that could have been presented earlier-especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although § 2255 ¶ 1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the

> sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed*, 512 U.S. at 348, *quoting from Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice." *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

*Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997). Thus, relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

    4.    Burnett claims that he was denied the effective assistance of counsel at trial. Specifically, Burnett claims that trial counsel was ineffective by failing to: 1) challenge the veracity of the search warrant; 2) properly call two witnesses who would have provided exculpatory evidence; 3) properly subpoena a video; and 4) challenge Burnett's status as an armed career offender.

> a.    For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In addition, the performance of counsel under *Strickland* should be evaluated from counsel's perspective at that time, making every effort to "eliminate the distorting effects of hindsight." *Id.* at 523 (quoting 466 U.S. at 688); *see also Kokoraleis v. Gilmore,* 131 F .3d 692, 696 (7th Cir. 1997).

> b.    With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694; *see also Benefiel v. Davis,* 357 F.3d 655, 661 (7th Cir. 2004).

    c.    Burnett's first ineffectiveness claim is that trial counsel failed to challenge the veracity of the affidavit supporting the search warrant. As noted in the appellate decision, "after Burnett was charged with violating § 922(g)(1), he moved to suppress the gun. The district court denied the motion without a hearing, holding that Ball's affidavit established probable cause to believe marijuana was in the house." *United States v. Burnett,* 215 Fed. Appx. at 544. Burnett had and used his full opportunity to challenge the search warrant in his direct appeal. Although his challenge may not have expressly encompassed the deficiency he now attributes to that warrant, Burnett does not assign as error the extent to which appellate counsel challenged the search warrant in the direct appeal. It is now too late to assign as error the performance of trial counsel vis-a-vis the affidavit when that

precise deficiency could and should have been included in the direct appeal. Even if the court concluded otherwise with respect to the performance prong, moreover, this specification of attorney error wholly fails on the equally important prejudice prong.

>    d.    Burnett's second specification of ineffectiveness is that counsel did not properly investigate the facts and call two defense witnesses who would have provided exculpatory evidence. The United States argues that Burnett has not shown such a failure by counsel, that the evidence existed or if presented, that such evidence would have changed the outcome. Defense counsel is required to conduct an appropriate investigation of the law and the facts relevant to his or her client's case, *see Bruce v. United States*, 256 F.3d 592, 597-98 (7th Cir. 2001), and "counsel's failure to investigate potential witnesses can constitute deficient performance." *Davis v. Lambert,* 388 F.3d 1052, 1062 (7th Cir. 2004). However, Burnett has presented no facts to establish that an appropriate investigation was not undertaken. He is left with the conclusory claim as to deficient performance and a wholly speculative statement as to the consequences of that performance. These circumstances will not support a viable claim of ineffective assistance of counsel. *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002)("conclusory allegations do not satisfy *Strickland's* prejudice component")(citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995).

>    e.    Burnett's third claim of ineffectiveness is that counsel failed to subpoena a video which the police officer claimed showed traffic at the residence. In Burnett's reply, he claims that the United States does not respond to this claim. However, in relation to Burnett's first ineffectiveness claim, the United States explained that, "[s]uch a video (if it existed), might have strengthened the case against Burnett, but its absence does nothing to negate the facts which justified the issuance of the search." On direct appeal, the Seventh Circuit noted, "Burnett ignores the well-established principle that probable cause is a 'common sense judgment' made from a review of 'the totality of the circumstances.'" *Burnett*, 215 Fed.Appx. at 544. It is unmistakably clear that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691.  There is no indication that the video, if it existed, would have done anything other than reinforce the government's already strong case.

>    f.    Burnett's fourth claim of ineffectiveness is that counsel failed to challenge Burnett's status under the Armed Career Criminal Act because two burglary convictions were considered for the purposes of his sentencing. However, as explained by the United States, under *Taylor v. United States*, 495 U.S. 575, 599 (1990), burglary is a crime of violence. Counsel cannot be "ineffective" unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have).The Seventh Circuit has stated unequivocally that unsubstantiated and conclusory statements do not support ineffective assistance of counsel claims. *See, e.g., United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005). As *Turcotte* notes, a defendant bears the burden of proof and persuasion in establishing an ineffective assistance of counsel claim. *Id.* Burnett's motion is also insufficient to support relief

insofar as he asserts prejudice from his attorney's performance at sentencing, in particular through conclusory statements and speculation, for "conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir. 1995). Burnett has failed to establish entitlement to relief as to this claim, based on either the performance prong or the equally-important requirement that he suffered prejudice under *Strickland*.

g.      Burnett's four specifications of attorney ineffectiveness each fail to demonstrate that he was prejudiced by the decisions made or the actions taken or not taken by his trial attorney. There is no reasonable possibility that, but for the errors he attributes to counsel at trial, the result of the trial would have been different. This is demonstrated by the strength of the evidence of Burnett's guilt as well as by the speculative nature of the asserted errors.

5.      For the reasons explained above, therefore, Burnett's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/29/2009

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana